UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ELIZABETH RUE GILLINGHAM,⟩
⟩          NO. CV 15-3266 AGR
      Plaintiff,⟩
⟩
      v.⟩
⟩          MEMORANDUM OPINION AND
CAROLYN W. COLVIN,⟩          ORDER
Commissioner of Social Security,⟩
⟩
      Defendant.⟩
⟩

Plaintiff Gillingham filed this action on April 30, 2015.  Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge on May 29 and June 23, 2015.  (Dkt. Nos. 9, 10.)  On December 9, 2015, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues.  The court has taken the matter under submission without oral argument.

Having reviewed the entire file, the court affirms the decision of the Commissioner.

1

2

## I.

## PROCEDURAL BACKGROUND

On August 9, 2012, Gillingham filed an application for disability insurance

benefits, alleging an onset date of September 1, 2008.  Administrative Record

("AR") 11.  The application was denied.  AR 11, 69.  Gillingham requested a

hearing before an Administrative Law Judge ("ALJ").  On September 10, 2013,

the ALJ conducted a hearing at which Gillingham testified.[1]  AR 30-52.  On

November 1, 2013, the ALJ issued a decision denying benefits.  AR 8-26.  On

February 24, 2015, the Appeals Council denied the request for review.  AR 1-5.

This action followed.

## II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court reviews the Commissioner's

decision to deny benefits.  The decision will be disturbed only if it is not supported

by substantial evidence, or if it is based upon the application of improper legal

standards.  *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam);

*Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a

preponderance – it is such relevant evidence that a reasonable mind might

accept as adequate to support the conclusion."  *Moncada*, 60 F.3d at 523.  In

determining whether substantial evidence exists to support the Commissioner's

decision, the court examines the administrative record as a whole, considering

adverse as well as supporting evidence.  *Drouin*, 966 F.2d at 1257.  When the

evidence is susceptible to more than one rational interpretation, the court must

defer to the Commissioner's decision.  *Moncada*, 60 F.3d at 523.

---

[1]  At a previous hearing on May 22, 2013, the ALJ indicated he would
conduct additional inquiries.  AR 53-58.

**III.**

**DISCUSSION**

### A.    Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003) (citation and quotation marks omitted).

### B.    The ALJ's Findings

The ALJ found that Gillingham met the insured status requirements through June 30, 2015.  AR 14.  Following the five-step sequential analysis applicable to disability determinations, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[2] the ALJ found that Gillingham had earnings of $22,836.10 in 2010 and, therefore, may have engaged in substantial gainful activity after the alleged onset date that is disqualifying at step one of the sequential analysis.  Nevertheless, the ALJ proceeded to the next steps.  AR 14.

The ALJ found that Gillingham had the severe impairments of right shoulder impingement and bursitis; mild degenerative disc disease of the cervical spine; a history of bilateral carpal tunnel syndrome; status post right carpal tunnel release procedure on May 21, 2008 and left carpal tunnel release procedure on February 28, 2008; obesity; and dysthymia.  AR 14.

---

[2]  The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work. *Lounsburry*, 468 F.3d at 1114.

1    Gillingham had the residual functional capacity ("RFC") to perform medium

2  work except that she can occasionally lift/carry 50 pounds and frequently lift/carry

3  25 pounds; sit, stand and/or walk for a total of six hours per eight-hour workday

4  with normal breaks; and frequently push/pull with the bilateral upper extremities.

5  AR 17.  Gillingham was able to perform past relevant work as an office manager

6  as actually performed, and as a testing technician both as actually performed and

7  as generally performed.  AR 24-25.

8         **C.**   **Examining Physician**

9    Gillingham contends the ALJ improperly considered the opinion of the

10  agreed medical examiner,[3] orthopedic surgeon Dr. Hasday.

11    An examining physician's opinion constitutes substantial evidence when it

12  is based on independent clinical findings.  *Orn v. Astrue*, 495 F.3d 625, 632 (9th

13  Cir. 2007).  An examining physician's uncontradicted opinion may be rejected

14  based on clear and convincing reasons.  When an examining physician's opinion

15  is contradicted, it may be rejected for specific and legitimate reasons that are

16  supported by substantial evidence in the record.  *Carmickle v. Comm'r*, 533 F.3d

17  1155, 1164 (9th Cir. 2008).

18    The ALJ gave significant weight to the opinion of Dr. Hasday, who

19  prepared a report in July 2010, and cited some of his findings.  AR 19, 21, 235,

20  246-68.  The ALJ declined to adopt his opinion that Gillingham should avoid

21  repetitive flexion, extension, rotation of the head or neck, prolonged activities at

22  or above shoulder level with either arm and from forceful or prolonged gripping,

23  grasping, holding, twisting, torquing or prolonged fine motor movements with

24  either hand.  The ALJ concluded that the limitations appear to be related to

25

26

27         [3]  The parties apparently selected Dr. Hasday as an agreed medical
28  examiner in Gillingham's workers compensation case to resolve disputed medical
   issues.  8 Cal. Code Regs. § 1(e); Cal. Labor Code §§ 4062.2, 4062.3.

1  conditions that the ALJ did not find to be medically determinable impairments or

2  that were unsupported by objective evidence.  AR 21.

3      Gillingham argues that the ALJ misinterpreted Dr. Hasday's opinion that

4  she is restricted from "heavy lifting."  AR 264.  Gillingham points out that, for

5  purposes of workers compensation, a preclusion from heavy lifting means that

6  she lost approximately half of her pre-injury capacity for lifting.  *E.g., Mercier v.*

7  *Workers' Comp. Appeals Bd.*, 16 Cal. 3d 711, 713 n.1 (1976).  Dr. Hasday does

8  not express an opinion as to her pre-injury capacity for lifting.

9      Nevertheless, any error would be harmless.  The ALJ found Gillingham

10  capable of her past relevant work as an office manager and testing technician as

11  actually performed.  AR 24-25.  The Dictionary of Occupational Titles ("DOT")

12  describes the office manager job as sedentary work exerting up to ten pounds of

13  force occasionally (DOT 169.167-034).  Although the DOT describes the testing

14  technician job as light work (DOT 822.261-026), Gillingham stated she lifted less

15  than ten pounds in that job, with very little lifting and carrying.  AR 158, 247.

16  Gillingham stated that she retired as a testing technician at AT&T in 2008.  She

17  did not want to relocate to Missouri but "if her job remained in Los Angeles, she

18  would have continued to work."  AR 249.  Gillingham stated she can lift ten

19  pounds.  AR 173.

20      Dr. Hasday diagnosed two conditions that the ALJ did not include at step

21  two of the sequential analysis:  chronic recurrent musculoligamentous injury

22  cervical spine, trapezius muscle; and chronic periscapular strain left shoulder.

23  AR 21, 261.  Gillingham is a cervical DRE category II "due to the presence of

24  non-verifiable radicular complaints in both upper extremities."  AR 264.  With

25  respect to her shoulders, Dr. Hasday found a 1% upper extremity impairment

26  bilaterally for limited flexion and abduction.  Dr. Hasday applied an additional 3%

27  impairment for pain based on Gillingham's subjective complaints on her ADL

28  inventory.  AR 264.

1    Gillingham complained to Dr. Hasday about constant moderate neck pain

2    made worse by any prolonged activities requiring her arms, radiating neck pain

3    into her shoulders and upper back, and ongoing pain in her bilateral wrists with

4    any turning, gripping or grasping.  AR 249-50.  Dr. Hasday noted that

5    computerized hand grip testing showed no objectively ratable grip strength loss in

6    either hand, and noted that the testing indicated "less than a full volitional effort."

7    AR 255.  The ALJ's finding that objective evidence did not support Dr. Hasday's

8    preclusion from forceful or prolonged gripping, grasping, holding, twisting,

9    torquing or prolonged fine motor movements with either hand was supported by

10   substantial evidence.

11   Dr. Hasday noted tenderness of the paracervical and trapezius muscle,

12   right greater than left, and palpable spasm in the right lower trapezius muscle.

13   Gillingham had muscle weakness of -5/5 in the shoulder abductors and external

14   rotators bilaterally.  Otherwise, motor examination was normal.  AR 251, 263.

15   The ALJ relied upon the report of an examining orthopedic surgeon over

16   two years later in November 2012.  AR 19, 327-32.  According to that report,

17   Gillingham reported that she had been doing well "for a long time."  Although she

18   had some numbness in her fingertips, she "does not note any difficulty buttoning

19   or any fine motor activity.  She is able to use the computer and does not have any

20   neurologic symptoms."  AR 327.  Upon examination of the cervical spine, the

21   examining physician found normal attitude and posture of the head, significant

22   tenderness to palpation along the right trapezius muscle without palpable spasm,

23   and full and painless range of motion.  AR 328-29.  Range of motion in the

24   bilateral shoulders and elbows was full and painless.  However, there was mild

25   Neer impingement sign in the right shoulder.  AR 329.  Gillingham had subjective

26   decreased sensation in the ulnar digits of both hands, but had full strength with

27   thumb abduction in the first dorsal interossei, was able to make full fists, had full

28

6

1  and painless range of motion of the fingers, and had no tenderness in the hands.

2  *Id.*  Motor strength was 5/5.  AR 330.

3        An ALJ does not err simply by giving greater weight to a later medical

4  opinion.  *See Lester v. Chater*, 81 F.3d 821, 833 (9th Cir. 1995).

5                                    **IV.**

6                                   **ORDER**

7        IT IS HEREBY ORDERED that the decision of the Commissioner is

8  affirmed.

9        IT IS FURTHER ORDERED that the Clerk serve copies of this Order and

10  the Judgment herein on all parties or their counsel.

11

12

13  DATED: January 27, 2016

14                                    ALICIA G. ROSENBERG
                                     United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28